[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant has moved to disqualify plaintiffs' attorney, George M. Purtill and his law firm, Purtill, Purtill and Pfeffer, on the grounds that the driveway access agreement, the validity of which is the subject of this lawsuit, was drafted by Sharon Purtill, a partner in the firm.
Rule 3.7(b) of the Rules of Professional Conduct allow a lawyer to act as an advocate in a trial in which another lawyer in the firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
Rule 1.7 prohibits a lawyer from representing a client if such representation will be directly adverse to another client. Neither the defendant nor her predecessors in title are or were ever clients of the plaintiffs' attorney(s). There is no compelling evidence that the Johnsons, defendant's predecessors in title, were represented by plaintiffs' attorneys at the time of the drafting of the subject agreement. Rule 1.7 further prohibits a lawyer from representing a client if such representation may be materially limited by the lawyer's responsibilities to another client, or to a third person or by the lawyer's own interests. There is no evidence of such material limitation in the case at bar. Further, none of these prohibitions apply if the lawyer reasonably believes the representation will not be adversely affected, and the client consents after consultation. Based upon representations of plaintiffs' counsel and the affidavit of the plaintiffs these conditions have been met.
Rule 1.9 refers to former clients, which, as stated above, does not apply here.
Also, disqualification would be of substantial prejudice and hardship to the plaintiffs. Defendant has known of the alleged conflict since at least the commencement of this action in July, 1994 and, according to plaintiffs as long ago as January, 1994, more than a year prior to seeking disqualification.
The court must balance three competing interests in disqualification cases: (1) the right to freely select counsel of one's choice; (2) protection of confidential information from disclosure; and, (3) the public's interest in the scrupulous CT Page 2564 administration of justice. Knights of Columbus Federal CreditUnion v. Salisbury, 3 Conn. App. 201, 204 (1985).
Interest (1) is important, and here interest (2) does not apply. Defendant's counsel admitted in oral argument that defendant would not be adversely affected by plaintiffs' attorney(s) continued representation, but stated that his client cannot understand how an attorney who drafted a document can now contend it is invalid. The court can understand that concern, and it will become evident to the trier of fact. However, that concern does not rise to the point of "tainting" this case, see Board ofEducation v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979), and, therefore, the situation does not work against the public's interest in the scrupulous administration of justice. Certainly, in the case at bar, the right of the plaintiffs to freely select counsel of one's choice far outweighs the defendant's aforementioned concern.
The motion to disqualify is denied.
Rittenband, J.